UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BENJAMIN STIPE, | : | Civil No. 1:24-CV-1894 |
| Plaintiff | : | |
| | : | (Judge Wilson) |
| v. | : | |
| COMMONWEALTH OF PENNSYLLVANIA, | : | (Magistrate Judge Carlson) |
| Defendant. | : | |

# MEMORANDUM AND ORDER

This matter comes before the Court for consideration of a spate of motions filed by the plaintiff, a *pro se* litigant.

First, citing our prior rulings on requests for extension of time and appointment of counsel, Stipe moves to disqualify us from this case. (Doc. 27). This motion is DENIED. The legal standards which govern such recusal requests were aptly summarized in Conklin v. Warrington Township, 476 F. Supp. 2d 458 (M.D. Pa. 2007). In terms that are equally applicable here, the court explained that:

> The disqualification standard is set forth in 28 U.S.C. § 455, which provides in pertinent part as follows:
>
> (a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
>
> (b) He shall also disqualify himself in the following circumstances:
> (1) Where he has a personal bias or prejudice concerning a party....

1

Id. Pursuant to the above quoted language, the court must consider whether its rulings and statements objectively produce the appearance of bias against [the plaintiff]. As explained by the Supreme Court, these provisions "require ... 'bias and prejudice' ... to be evaluated on an objective basis, so that what matters is not the reality of bias or prejudice but its appearance." Liteky v. United States, 510 U.S. 540, 548, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994). This objective standard requires recusal when a "reasonable man knowing all the circumstances would harbor doubts concerning the judge's impartiality." Edelstein v. Wilentz, 812 F.2d 128, 131 (3d Cir.1987) (citing United States v. Dalfonso, 707 F.2d 757, 760 (3d Cir.1983)); see also In re Antar, 71 F.3d 97, 101 (3d Cir.1995). If the record presents a close question, the court must resolve the issue in favor of disqualification. Nichols v. Alley, 71 F.3d 347, 352 (10th Cir.1995).

Id. at 462-63.

It is clear, however, that a party's disappointment with what the party anticipates may be the court's rulings cannot form the basis for recusal. As this court has aptly noted:

> The Third Circuit has repeatedly observed that "a party's displeasure with legal rulings does not form an adequate basis for recusal." Securacomm Consulting, Inc. v. Securacom, Inc., 224 F.3d 273, 278 (3d Cir.2000) (citing In re TMI Litig., 193 F.3d 613, 728 (3d Cir.1999) and Jones v. Pittsburgh Nat'l Corp., 899 F.2d 1350, 1356 (3d Cir.1990)). Subsections 455(a) and (b)(1) require the source of bias to be extrajudicial, that is stemming from a source outside of the proceeding, or of such an intensity as to make a fair trial impossible. Blanche Rd. Corp. v. Bensalem Twp., 57 F.3d 253 (3d Cir.1995), cert. denied, 516 U.S. 915, 116 S.Ct. 303, 133 L.Ed.2d 208 (1995). As stated by the Supreme Court:
>
>> [O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a

2

>basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible. Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge. They *may* do so if they reveal an opinion that derives from an extrajudicial source; and they will do so if they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible.

Id. at 463 (quoting Liteky, 510 U.S. at 555, 114 S.Ct. 1147) (emphasis in original).

Furthermore, in assessing recusal requests, courts must remain mindful that, in the hands of some litigants, a recusal motion may simply be a calculated tactical tool designed to avoid the result which the law dictates in a case or attempt to unilaterally choose a new judge. Thus, in every instance:

>[T]he court must consider whether attacks on a judge's impartiality are simply subterfuge to circumvent anticipated adverse rulings. In re Antar, 71 F.3d at 101; Alexander v. Primerica Holdings, Inc., 10 F.3d 155, 162 (3d Cir.1993). Indeed, a judge "has as strong a duty to sit when there is no legitimate reason to recuse as he does to recuse when the law and facts require." Bryce v. Episcopal Church in the Diocese of Colorado, 289 F.3d 648, 659 (10th Cir.2002) (quoting Nichols, 71 F.3d at 351); Cooney v. Booth, 262 F.Supp.2d 494, 508 (E.D.Pa.2003); see also United States v. Snyder, 235 F.3d 42, 46 n. 1 (1st Cir.2000); Curley v. St. John's University, 7 F.Supp.2d 359, 362 (S.D.N.Y.1998).

Id. at 463.

Guided by these legal standards, we must decline this request that we recuse

ourselves from this case since the plaintiff's motion for our recusal rests upon our rulings in this case. Given that the Third Circuit has repeatedly observed that "a party's displeasure with legal rulings does not form an adequate basis for recusal," Securacomm Consulting, Inc. v. Securacom, Inc., 224 F.3d 273, 278 (3d Cir.2000), the plaintiff's disappointment with our decisions in this case simply cannot be converted into grounds compelling our recusal.

Mr. Stipe has also filed a third motion for appointment of counsel for the plaintiff, a *pro se* litigant. (Doc. 28). This motion is also DENIED. While we appreciate the plaintiff's interest in securing court-appointed counsel, we also recognize that there is neither a constitutional nor a statutory right to counsel for civil litigants. Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997); Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993). Instead, 28 U.S.C. § 1915(e)(1) simply provides that "[t]he court may request an attorney to represent any person unable to employ counsel." Under §1915(e)(1), a district court's appointment of counsel is discretionary and must be made on a case-by-case basis. Tabron, 6 F.3d at 157-58. In Parham, the United States Court of Appeals outlined the standards to be considered by courts when reviewing an application to appoint counsel pursuant to 28 U.S.C. § 1915(e)(1). In passing on such requests we must first:

> [D]etermine[] that the plaintiff's claim has some merit, then [we] should consider the following factors: (1) the plaintiff's ability to

> present his or her own case; (2) the complexity of the legal issues; (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation; (4) the amount a case is likely to turn on credibility determinations; (5) whether the case will require the testimony of expert witnesses; [and] (6) whether the plaintiff can attain and afford counsel on his own behalf.

Parham v. Johnson, 126 F.3d at 457. There is yet another practical consideration which must be taken into account when considering motions for appointment of counsel. As the United States Court of Appeals for the Third Circuit has aptly observed:

> Finally, in addressing this issue, we must take note of the significant practical restraints on the district courts' ability to appoint counsel: the ever-growing number of prisoner civil rights actions filed each year in the federal courts; the lack of funding to pay appointed counsel; and the limited supply of competent lawyers who are willing to undertake such representation without compensation. We have no doubt that there are many cases in which district courts seek to appoint counsel but there is simply none willing to accept appointment. It is difficult to fault a district court that denies a request for appointment under such circumstances.

Tabron v. Grace, 6 F.3d 147, 157 (3d Cir. 1993). Mindful of this consideration it has been "emphasize[d] that volunteer lawyer time is extremely valuable. Hence, district courts should not request counsel under § 1915(d) indiscriminately. As the Court of Appeals for the Second Circuit has warned: "Volunteer lawyer time is a precious commodity. . . . Because this resource is available in only limited quantity, every assignment of a volunteer lawyer to an undeserving client deprives society of a

volunteer lawyer available for a deserving cause. We cannot afford that waste." Cooper v. A. Sargenti Co., 877 F.2d 170, 172 (2d Cir. 1989); Tabron v. Grace, 6 F.3d 147, 157 (3d Cir. 1993).

In this case our analysis of these factors leads us to conclude that counsel should not be appointed in this case at the present time. At the outset, appointment of counsel would be premature since we have not had the opportunity to fully consider the threshold factor we must examine: the arguable merits of the plaintiff's claims which are the subject of a pending motion to dismiss. In any event, the issues in this case appear to be well-known to the plaintiff and he has thus far shown the ability to litigate his claims. Further, the amount of investigation needed in this case seems minimal. Taking all of these factors into account we DENY this request to appoint counsel (Doc 28), at this time without prejudice to re-examining this issue at the request of the plaintiff, or *sua sponte*, as this litigation progresses.

Finally, Mr. Stipe seeks yet another, fourth, extension of time in which to respond to the defense motion to dismiss which has been pending now for nearly four months. (Doc. 29). This motion for extension of time is DENIED, as requested, but GRANTED in part and IT IS ORDERED that the plaintiff is directed to respond to the motion on or before **May 29, 2025**. Pursuant to Local Rule 7.7 the movants

may then file a reply brief on or before **June 12, 2025.**  All briefs must conform to the requirements prescribed by Local Rule 7.8.  **No further extensions shall be granted, absent compelling circumstances**.

The plaintiff, who is proceeding *pro se*, is advised that Local Rule 7.6 of the Rules of this Court imposes an affirmative duty on the plaintiff to respond to motions, and provides that:

> Any party opposing any motion, other than a motion for summary judgment, shall file a brief in opposition within fourteen (14) days after service of the movant's brief, or, if a brief in support of the motion is not required under these rules, within seven (7) days after service of the motion. *Any party who fails to comply with this rule shall be deemed not to oppose such motion*. Nothing in this rule shall be construed to limit the authority of the court to grant any motion before expiration of the prescribed period for filing a brief in opposition. A brief in opposition to a motion for summary judgment and LR 56.1 responsive statement, together with any transcripts, affidavits or other relevant documentation, shall be filed within twenty-one (21) days after service of the movant's brief.

Local Rule 7.6 (emphasis added).

It is now well-settled that "Local Rule 7.6 can be applied to grant a motion to dismiss without analysis of the complaint's sufficiency 'if a party fails to comply with the [R]ule after a specific direction to comply from the court.'" Williams v. Lebanon Farms Disposal, Inc., No. 09-1704, 2010 WL 3703808, *1 (M.D. Pa. Aug. 26, 2010) (quoting Stackhouse v. Mazurkiewicz, 951 F.2d 29, 30 (1991)). Therefore, a failure to comply with this direction may result in the motions being

7

deemed unopposed and granted.

SO ORDERED, this 19th day of May 2025.

<u>*S/Martin C. Carlson*</u>
Martin C. Carlson
United States Magistrate Judge